IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| In re: <br> SPORTSMAN'S LINK, INC. ) <br> ) <br> ──────────────────────────── ) <br> SOHAIL ABDULLA, ) <br> ) <br>     Appellant, ) <br> ) <br> v. ) <br> ) <br> EDWARD J. COLEMAN, III, ) <br> Trustee, ) <br> ) <br>     Appellee. ) <br> ) | CASE NO. CV412-045 |

## O R D E R

Before the Court is Appellee Edward J. Coleman's Motion to Dismiss Appeal Due to Lack of Standing. (Doc. 5.) For the following reasons, Appellee's motion is **GRANTED** and Appellant's appeal is **DISMISSED**. Accordingly, the Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

In this case, Appellant seeks to appeal the Trustee's decision to enter into a settlement agreement compromising an unauthorized adversary proceeding brought by Appellant's counsel on behalf of Debtor, Sportsman's Link, Inc. (Doc. 1, Attach. 13 at 199-201.) Appellant is the sole shareholder of Debtor Sportsman's Link, while Appellee is the Bankruptcy Trustee for Debtor. (Id. at 180-81.) In

the bankruptcy proceeding, Appellant's counsel unilaterally filed an adversary proceeding alleging legal malpractice against Debtor's former bankruptcy counsel based on Debtor's failure to timely assume a lease offered by its former landlord.[1]  (Id.)  The Trustee accepted $20,000 in full settlement of any claims Debtor may have had against the parties.  (Id. at 201.)  Appellant filed an objection to the settlement.  (Id.)  After conducting a hearing, the Bankruptcy Judge ultimately agreed with the Trustee that the settlement was in the best interest of the bankruptcy estate, finding that "nothing in the record [] suggests a legal malpractice action would likely result in an award of substantial damages." (Id. at 220.)  The Bankruptcy Judge, therefore, concluded that "the Court should not and will not require the Trustee to pursue litigation that is so speculative simply because the Debtor's principal seeks that result."  (Id.)

Appellant timely appealed the Bankruptcy Judge's decision.  In his brief, Appellant argues that the

---

[1] Appellant filed an earlier suit against the same parties alleging a different theory of legal malpractice based on counsel advising him to sign a personal guaranty for certain debt obligations of the debtor.  (Id.)  In that case, Appellant's claims failed to survive summary judgment, a decision that is currently being appealed. Abdulla v. Klosinski, et al., 1:10-cv-159, Doc. 73 (S.D. Ga. September 25, 2012).

2

Bankruptcy Judge incorrectly concluded that Debtor was unlikely to succeed on the merits of its claims. (Doc. 8 at 22-30.) In addition, Appellant contends that the Bankruptcy Judge incorrectly determined that the complexity, expense, inconvenience, and delay in litigation weighed in favor of accepting the settlement; and failed to give sufficient weight to the position of Debtor's largest unsecured creditor that the settlement should be rejected. (Id. at 30-31.) In his response brief, the Trustee maintains that the Bankruptcy Judge's conclusions were correct and that appropriate deference was given to the Trustee's business judgment. (Doc. 16.)

In addition to his brief on the merits, the Trustee filed a Motion to Dismiss Appeal Due to Lack of Standing. (Doc. 5.) In his motion, the Trustee argues that Appellant lacks standing because he is not a person aggrieved by the Bankruptcy Judge's decision. (Id. at 5.) The Trustee reasons that Appellant's pecuniary interests are not directly and adversely affected by Bankruptcy Court's order approving the settlement. (Id. at 5-8.) In his terse response, Appellant simply claims that he was an aggrieved party because the value of the malpractice claim greatly exceeded the amount Debtor owes to its creditors. (Doc. 11 at 2.) Appellant reasons that his pecuniary interests have

3

been directly and adversely affected because he would have personally received any monies obtained from the malpractice suit that were in excess of the amount of Debtor's obligations. (Id.)

## ANALYSIS

A party seeking to appeal a decision by the Bankruptcy Court must establish that the Federal Bankruptcy Code confers him standing to prosecute the appeal. See Westwood Cmty. Two Ass'n, Inc., Unofficial Ad Hoc Comm. v. John P. Barbee (In re Westwood Cmty. Two Ass'n, Inc.), 293 F.3d 1332, 1334-36 (11th Cir. 2002). In this Circuit, only individuals that are "persons aggrieved" by the bankruptcy order being appealed have standing to appeal that decision. Id. at 1335. A "person aggrieved" is one that has a "direct and substantial interest in the question being appealed." Id. (quoting In re Odom, 702 F.2d 962, 963 (11th Cir. 1983)) (internal quotations omitted).

This standard is more exacting than constitutional standing under Article III, requiring instead that an individual be " 'directly and adversely affected pecuniarily by the order.' " Id. (quoting In re Troutman Enters., Inc., 286 F.3d 359, 364 (6th Cir. 2002)). Therefore, standing is restricted to those individuals that have a financial stake in the order being appealed such

4

that the order " 'diminishes their property, increases their burdens or impairs their rights.' " Id. (quoting Troutman, 286 F.3d at 364). According to the Eleventh Circuit Court of Appeals, " '[t]his general rule was developed as a means to control, in an orderly manner, proceedings that often involve numerous creditors who are dissatisfied with any compromise that jeopardizes full payment of their outstanding claims against the bankrupt." Id. (quoting In re Carbide Cutoff, Inc., 703 F.2d 259, 264 (7th Cir. 1983)).

> Put another way,
>
> "[t]he rationale for such a strict requirement is that bankruptcy litigation almost always involves the interests of numerous parties who may or may not be parties to the litigation. Restricting standing to those who have a direct pecuniary interest in the litigation avoids endless appeals brought by individuals affected only indirectly by the bankruptcy court's orders."

In re Attorneys at Law & Debt Relief Agencies, 353 B.R. 318, 322 (S.D. Ga. 2006) (quoting Lynch v. Cal. Pub. Utils. Comm's, 311 B.R. 798 (N.D. Cal. 2004)); accord Westwood, 293 F.3d at 1335 n.3. Therefore, a party has standing to appeal an order when its reversal would have an immediate effect on that individual's pecuniary interests, not where reversal simply raises the mere possibility that some

pecuniary benefit may inure to the individual in the future.

With these principles in mind, it quickly becomes apparent that Appellant lacks standing to pursue this appeal. In short, Appellant is not a "person aggrieved" because the Bankruptcy Court's order does not directly and adversely affect his pecuniary interests. This Court recognizes that the bankruptcy court's order does remove the possibility that Appellant may personally receive monies should Debtor prevail on its malpractice suit and recover damages in excess of its liabilities. The bankruptcy court's elimination of this possibility, however, is insufficient to confer standing. As noted above, Appellant's pecuniary interests must be directly and immediately affected by the bankruptcy court's decision for Appellant to obtain standing under the Federal Bankruptcy Code. Simply put, there are far too many contingencies associated with Appellant's argument for this Court to conclude that he possesses standing to prosecute this appeal. For example, Debtor must prevail in the malpractice claim, Debtor must receive a substantial recovery, and the recovery must exceed Debtors outstanding liabilities. This chain of possibilities establishes, at best, an indirect effect on Appellant's pecuniary

6

interests, far from the direct and adverse effect required to impart standing to prosecute this appeal.

In his peculiarly short two-page response, Appellant seems to recognize as much. First, Appellant failed to cite any legal authority in his response, much less offer any legal authority for the proposition that a shareholder of an insolvent corporation possesses standing to appeal a decision by the bankruptcy court settling a potential claim that may have awarded damages in excess of liabilities. Second, Appellant's own argument portrays the contingent nature of his argument. In his response, Appellant argues that "[i]f Appellant's theories of malpractice are correct, and the failure of Debtor was caused by the mistakes of counsel, then the potential recovery in a malpractice action will far exceed the $1.1 million value declared by the bankruptcy court." (Doc. 11 at 2 (emphasis added).) Appellant's own argument, therefore, shows that it relies on at least three unknowns: (1) his theory of legal malpractice being correct; (2) Debtor's losses being caused by former counsel's malpractice; and (3) recovery of damages of an amount in excess of Debtor's liabilities. This contingent nature regarding Appellant's claim for any personal recovery of monies serves to deprive him of standing to appeal the bankruptcy court's decision to allow

7

the Trustee to settle Debtor's potential malpractice claim for $20,000. To find otherwise would be to impart on an indirectly affected party the ability to delay the ultimate resolution of a debtor's bankruptcy proceedings to the detriment of its creditors, the very same fear underlying the more restrictive standing requirements present in the Federal Bankruptcy Code.

## CONCLUSION

For the foregoing reasons, Appellee Edward J. Coleman's Motion to Dismiss Appeal Due to Lack of Standing (Doc. 5) is **GRANTED** and Appellant's appeal is **DISMISSED**. Accordingly, the Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 26th day of March 2013.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA